U.S. COURTS

JAN 05 2023

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

UNITED STATES COURT
FOR THE STATE OF IDAHO
550 W FORT STREET SUIT 400
BOISE IDAHO 83724

ARTEM ANDRIANUMEARISATA
    Plaintiff
    VS
DEPARTMENT OF HEALTH AND WELFARE
    Defendant

## CIVIL RIGHTS SUIT

Pursuant to jurisdiction of eighteenth, fourteenth, fifth, and fourth Amendments of the constitution, Plaintiff Artem Andrianumearista, prosecuting hereby said Department of Health and Welfare's employees for unlawful detention, endangerment, forced use of substances, misinformation, and breach of legal property, to put said Department's evaluators, hospital officer, patient right advocate, commission, doctor, nurses and staff on leave of absence.

## SUBJECTION OF THE SUIT

Shown Plaintiff subject to financial insufficiency (Plaintiff, PUBLISHING OF INSUFFICIENT FUNDS), pursuant to ARTICLE-I-8-4 and ARTICLE-I-9-7 of the United States Constitution, United States Court shall have authority to provide for and receive compensation to determine this suit.

Under Court's jurisdiction of ARTICLE-III, the clerk shall certify subjection of the suit and notify a warrant on defendant. This suit to be supported by a STATEMENT OF FACTS,

EVIDENCE and PUBLISHING OF INSUFFICIENT FUNDS, subject to and under jurisdiction of ARTICLE-III-2.

Any amendment, effecting abridgment to election of issues hereby vested to United States Court, shall not affect this suit. With such qualification of proceeding that secrecy shall not apply to this case pursuant to jurisdiction of ARTICLE-I-5-3 and ARTICLE-III-2.

## DESCRIPTION

On about June 10 of 2022 Twin Falls County attempted to notify petition for mental Health Evaluation on Plaintiff. Service of a process, pursuant to fourth amendment, was not sufficient because petition is not supported by acknowledgment form. Petition fails to allege particular facts to provide any cause of action under Twin Falls County Court's jurisdiction. Warrant was not served on Plaintiff.

Under fifth amendment Plaintiff was held on false assumed facts of an illness where Department of Health and Welfare (Department) did not present any charges. Twin Falls County Court failed to have consideration of Plaintiff's answer. Department's evaluators manipulated information from Plaintiff for determination of an illness. Twin Falls County Court's appointed defender did not support proper defense of Plaintiff's demands. Evaluators' survey was absent of Plaintiff's provided information. Bound by such misrepresentation Court did not have jurisdiction to authorize continuation of Department's action. Twin Falls County Court's determination was not proper neither. Department's hold was a danger to Plaintiff, as evidenced by attack at Canyon View

Hospital. Hospital officer breached Plaintiff's legal papers by enacting secluded inventory.

Plaintiff was endangered by Department's extension of hold, as evidenced by assault from gang member at State Hospital South (SHS). Commission, doctor, nurses and staff of SHS violated fifth amendment by being absent to Plaintiff's demands for immediate release and seizure of invading treatment. They violated eighteenth and fourteenth amendments to Constitution by forcing use of substances. Plaintiff have suffered deteriorating effects from such substances. Doctor and treatment team did not timely respond to requests of Plaintiff.

Based on facts supporting cause of unlawful detention, endangerment, forced use of substances, misinformation, and breach of legal property, the named hereby Commission, evaluators, patient right advocate, doctor, nurses, hospital officer, and staff shall be put on leave of absence for violations of eighteen, fourteen, fifth, and fourth amendments to Constitution.

## DESIGNATION

1) <u>Process of serving petition was not sufficient pursuant to fourth amendment.</u>

Process of serving was not sufficient, because Twin Falls County did not attached acknowledgment form to support petition. To properly serve a petition on Plaintiff pursuant to fourth amendment petitioner must attach acknowledgment form. Here petitioner did not meet provision of fourth amendment, and therefor process of serving was not sufficient.

**2) Petition did not state particular facts to support any cause; warrant was not served on Plaintiff in violation of fourth amendment.**

Respective to provisions of fourth amendment, petition did not particulate any facts. Facts of petition must be particularly stated to support a cause pursuant to fourth amendment. Petition did not particularly state facts to support any cause. Defendant failed to properly serve and present reasonable warrant on Plaintiff in violation of fourth amendment. Therefore, defendant failed to affect and serve operative copy of petition on Plaintiff, and time for doing so have ended. Defendant and Twin Falls County Court shall have and provide most or least qualifications of proceedings subject to fourth and fifth amendment. Twin Falls County Court and Defendant did not have and provide most or least qualifications of proceedings within uniform provisions of fifth and fourth amendments.

**3) In violation of fifth amendment Twin Falls Court did not have consideration of Plaintiff's answer.**

Pursuant to provision of fifth amendment Twin Falls County Court shall have consideration of Plaintiff's answer. Twin Falls County Court did not have consideration of Plaintiff's answer to petition.

**4) In violation of fifth amendment Department and Twin Falls County Court did not present any charges on Plaintiff to support detention.**

Pursuant to fifth amendment, to support jurisdiction of detention, Department shall present a charge, if any, on Plaintiff. Plaintiff was not presented with any charge beside false supposition of an illness and insufficiently alleged facts. Department did not state

any likable legislative session for their inability and failure to present and support a charge on Plaintiff. Here Plaintiff was held on allegation of not accepting illness as any charge, and Department failed to present a charge in violation of fifth amendment.

## 5) Hospital's officer breached property of Plaintiff by unreasonable inventory and by abridging witness right in violation to fifth and fourth amendment.

To promote sufficient processes of inventory, subject to fourth amendment, an officer need to provide reasonable security of property. Disregarding such provisions hospital's officer enacted secluded inventory of Plaintiff's property. Officer Sabrina abridged Plaintiff's impelling demand to witness inventory. Process of inventory was unreasonable and not secure in violation to fifth and fourth amendments.

## 6) Department's evaluators did not provide competent support pursuant to ARTICLE-VI.

Under jurisdiction of ARTICLE-VI evaluators subject to provide for competent conduction of information for survey. Department evaluators manipulated information from Plaintiff for disposition of an illness. Plaintiff informed evaluators about Armenian, Latino and Nazi gangs who secretly terrorizing and disturbing Plaintiff for purpose of reproduction their Armenian, Latino and Nazi females. Evaluators misrepresented such information for disposition of an illness, and did not provide affirmation for competent conduction of information under ARTICLE- VI.

## 7) Department's evaluators did not establish reasonable facts for determination of an illness subject to ARTICLE-III.

Subject to uniform proceedings under judicial establishment of ARTICLE-III, evaluators must not only support suggested illness by particular facts, but prove other causes affecting alleged patient do not exist. They did not do so. Here Department's evaluators were safe to raise and support claims against parties who are cause of terror and disturbance. However Department's action against Plaintiff violated fourth and fifth amendments. Definitely, Defendants attempted to fill their misconduct of proceedings by a value of issues which cannot interfere and was not accepted by Plaintiff.

9) <u>Department's hold was a danger to Plaintiff in violation of fifth amendment.</u>

Pursuant to fifth amendment Department subject to provide secure hold. Detaining Plaintiff was a danger as evident by attack from an organized gang member at service of Department. Prior to attack inmate attempted to intimidate Plaintiff by punching walls, slamming doors and broke a glass window at Hospital. Subsequently inmate run into, grabbed and overpowered Plaintiff to ground by intent to do injuries.

8) <u>Pursuant to ARTICLE-III, Twin Falls County Court did not have alleged jurisdiction to authorize continuance of Department's discretion.</u>

Bound by evaluators' manipulation of information Twin Falls County Court failed to have contradictions and standing assumptions of petition subject to provisions of fourth and fifth amendments. Facts of petition are falsely alleged, serving of a process was not proper, warrant was not served on Plaintiff, and a charge was not presented. Here Twin Falls County Court did not have allegedly originated jurisdiction of petition to authorize continuance of Department's discretion. Twin Falls County Court's determination was not proper to authorize continuance of Department's action.

10) <u>Department's continual discretion of hold endangered Plaintiff in violation of fifth amendment.</u>

Plaintiff was unlawfully transported to State Hospital South. On June 25, Plaintiff was attacked by what appeared to be an organized gang member at service of State Hospital South (SHS). An inmate came from behind and punched Plaintiff on right cheek. Department did not provide secure hold in violation of fifth amendment. Based on danger for self from others, as evidenced by threats and actual assault, Plaintiff submitted request demanding protective placement.

11) <u>Doctor Parks, Commission, nurses and staff of State Hospital South violated fourteenth and eighteenth amendment of constitution.</u>

Pursuant to provisions of fourteenth and eighteenth amendments commission cannot make any decisions which are advised unconstitutional for invading Plaintiff's substantial right of not to use. On June 28, the Commission: Ashley Thomas, Gary Van Order, Amy Kirkham, and Doctor Parks violated fourteenth and eighteenth amendment by deciding to force use of substances on Plaintiff.

On June 29, the nurse and staff of State Hospital, acting on unlawful override of the commission, invaded Plaintiff by aggressively binding and forcefully injecting substances. The side effects of such substances intoxicated Plaintiff to be intensely stilted and stationary to bed. Plaintiff submitted demand for restraint of intrusive treatment.

Disregarding to Plaintiff's demand, on June 30 the nurse and staff invaded Plaintiff again by aggressively binding and forcing injections of substances. Plaintiff experienced

the same deteriorating effects as from the first injection. Based on substantial risk of future injuries, for self from others, as evidenced by aggressive behavior of other patients, staff, nurses and Commission, and based on continuance of unlawful detention, Plaintiff submitted demand for immediate release and for restraint of invading treatment.

The commission, nurses and staff did not have consideration of Plaintiff's demands, and continued invasions from June 30 to August 5, for the total of eleven counts of forced use of substances. During the time of intrusions, Patient Right Advocate A'Lora Randal responded by recitation of description of issues from Plaintiff's requests, absently as part of process. A'Lora's recitation omitted demands for release and seizure.

Absent to Plaintiff's demands, on July 9 doctor Parks suggested everyday injections to be substituted to once in every three weeks. Plaintiff did not agree to treatment, and informed that on doctor Parks.

On July 13, A'Lora Randal affirmed requests were notified to the treatment team, absently as a part of process. Her recitation was again missing demands for seizure and release. In addition to effects of intensive stilt from forced substances Plaintiff experienced pain in back and places of injections.

On August 5, the nurse and staff again invaded Plaintiff by aggressively binding and forcefully injecting substances. On about August 7, doctor Parks untimely and absent to prior demands provided release date for August 12. A'Lora communicated on July 11 affirming demands were served on the treatment team, absently as a part of process. Her recitation of Plaintiff's requests again omitted demands for release and seizure of intrusive treatment. In addition to violations to fourteenth and eighteenth amendments,

the doctor, commission and the treatment team violated fifth amendment, for being absent to demands for release.

Plaintiff's detention was unlawful. Petition did not particulate sufficient facts to support a cause. Warranty was not served on Plaintiff. Twin Falls County Court and public defender did not have consideration of Plaintiff's answer. Department failed to present Plaintiff with a charge. Evaluators manipulated information from Plaintiff for determination of an illness. Department's hold of Plaintiff was a danger. Twin Falls County Court's determination to authorize continual discretion for Department's action was not proper. Plaintiff was endangered by Department's hold at State Hospital South. The doctor, commission, nurses, and staff of State Hospital South invaded Plaintiff by forced use of substances. They did not have consideration of Plaintiff's demands for restraint and release. A'Lora did not properly engage to defend Plaintiff. Plaintiff was untimely released from unlawful detention.

## PROSECUTION

Based on facts supporting cause of unlawful detention, endangerment, forced use of substances, misinformation, and breach of legal property, the said hereby Department's evaluators, commission, patient right advocate, doctor, hospital officer, nurses and staff, shall be put on leave of absence with mandatory subjection for violation of fourth, fifth, fourteenth and eighteenth amendment to constitution.

*I swear thruthfulness of provided statments.*

*Signature:* [signature]   *January 2, 2023*

ARTEM ANDRIANUMEARISATA
VS
DEPARTMENT OF HEALTH AND WELFARE
page 9-9